UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| JEFFREY SCOTT ATKINS, | Civil Action No.: 4:13-cv-0523-JMC-TER |
| Plaintiff, | |
| -vs- | |
| | **REPORT AND RECOMMENDATION** |
| ERIC H. HOLDER, JR., ATTORNEY GENERAL; | |
| Defendant. | |

**I.    INTRODUCTION**

Plaintiff, who is proceeding pro se in this action, alleges claims arising out events that occurred during a deposition in a previous employment discrimination lawsuit filed by Plaintiff against the same Defendant.[1] Presently before the court is Defendant's Motion to Dismiss (Document # 23) for failure to state a claim. Because Plaintiff is proceeding pro se, he was advised pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th. Cir. 1975), that a failure to respond to Defendant's Motion could result in a recommendation that the Motion be granted. Plaintiff timely filed a Response (Document # 29). All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e), DSC. Because this Motion is potentially dispositive of Plaintiff's claims, this Report and Recommendation is entered for review by the district judge.

---

[1] Atkins v. Holder, 4:10-cv-01296-JMC (D.S.C. 2013); aff'd, No. 12-2418 (4th Cir. 2013). Plaintiff was represented by counsel in this action, in which summary judgment was granted on behalf of Defendant on Plaintiff's claims of disability discrimination in violation of the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq.; racial discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") 42 U.S.C. § 2000(e); and age discrimination in violation of the Age Discrimination in Employment Act ("ADEA") 29 U.S.C. § 621 et seq.

## II. FACTUAL ALLEGATIONS

Plaintiff alleges that during a witness deposition held at FCI Williamsburg on October 18, 2011, for a previous employment discrimination case filed by Plaintiff, an attorney for the Bureau of Prisons (BOP), Angie Wiseman, refused to allow Plaintiff to leave the building in between depositions, although his attorney and the witness being deposed were able to leave the building without consequence. When Plaintiff attempted to leave, Ms. Wiseman physically blocked the door and grabbed Plaintiff's forearm. Plaintiff alleges that he was the only African-American to attend the deposition and the only person who was not allowed to leave the room. He also alleges that Ms. Wiseman was aware that he had filed three previous EEO complaints against FCI Williamsburg.

Plaintiff filed a police report regarding Ms. Wiseman's actions. He alleges that a trial was held in June of 2012, and "Judge Foxworth stated on the record that Ms. Wiseman was guilty of assaulting" Plaintiff although he believed that she did not physically hurt him. Plaintiff further alleges that Ms. Wiseman made false statements to an EEOC Counselor and Investigator when she told them that Warden John Owen informed her that no one was allowed to leave the visiting room or the building.

Plaintiff appears to assert that Ms. Wiseman retaliated against him in violation of Title VII.

## III. STANDARD OF REVIEW

The United States Supreme Court has made clear that, under Rule 8 of the Federal Rules of Civil Procedure, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. See Ashcroft v. Iqbal, --- U.S. ----, ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. Iqbal, 129 S.Ct. at 1949; Twombly, 550 U.S. at 555.

Expounding on its decision in Twombly, the United States Supreme Court stated in Iqbal:

> [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555, 556, 557, 570) (citations omitted); see also Bass v. Dupont, 324 F.3d 761, 765 (4th Cir.2003).

## IV. DISCUSSION

Defendant argues that Plaintiff has failed to state a claim for retaliation under Title VII because he fails to show that he suffered any adverse action. Title VII makes it an "unlawful employment practice for an employer to discriminate against any of his employees ... because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a). To establish a prima facie case of retaliation under Title VII, a plaintiff must show (1) he engaged in protected activity, (2) the employer took adverse employment action against him, and (3) a causal connection existed between the protected activity and the adverse action. Ross v. Communications Satellite Corp., 759 F.2d 355, 365 (4th Cir.1985); Laughlin v. Metropolitan Washington Airports Authority, 149 F.3d 253, 258 (4th Cir.1998); Causey v. Balog, 162 F.3d 795, 803 (4th Cir.1998).

The Supreme Court has held that, for purposes of Title VII's retaliation provision, "employee" encompasses current as well as former employees. Robinson v. Shell Oil Co., 519 U.S. 337, 345-46 (1997). The Supreme Court has also clarified that a different and less strenuous

-3-

standard is used to define adverse employment actions in the retaliation context as opposed to other Title VII contexts: "[T]he anti-retaliation provision, unlike the substantive provision, is not limited to discriminatory actions that affect the terms and conditions of employment." Burlington Northern & Santa Fe Rwy. v. White, 548 U.S. 53, 64, 126 S.Ct. 2405, 165 L.Ed.2d 345 (2006). However, the anti-retaliation provision "protects an individual not from all retaliation, but from retaliation that produces an injury or harm." Id. at 67. Thus, "a plaintiff must show that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." Id. at 68 (quotation marks and citations omitted). "Petty slights, minor annoyances, and simple lack of good manners" do not qualify as adverse actions, because such actions typically would not deter an employee from complaining. Id. at 64, 68.

Plaintiff's allegations are insufficient to state a claim for retaliation that is plausible on its face. Under the facts alleged, it is not plausible to believe that a reasonable employee would be dissuaded from making or supporting a charge of discrimination because an attorney for the employer grabbed the employee's forearm and blocked him from leaving a room.

In addition, Plaintiff has failed to alleged sufficient facts to hold Defendant liable for the alleged retaliatory actions of Ms. Wiseman. First, Plaintiff alleges only that Ms. Wiseman was an attorney for the BOP. At least one court has held that an employer cannot be held liable under Title VII for the conduct of the employer's attorney. See Spears v. Louisiana, 767 F.Supp.2d 629, 647-48 (M.D.La. 2011). In addition, an employer is generally liable for the retaliatory actions of an employee only if the employee is in a supervisory or management position or if supervisory or management personnel either orchestrate or acquiesce in the retaliatory conduct of a co-worker. Gunnell v. Utah Valley State College, 152 F.3d 1253, 1265 (10th Cir. 1998); see also Matvia v, Bald

Head Island Management, Inc., 259 F.3d 261, 272 (holding no retaliation where employer did not instruct co-workers to ostracize plaintiff); Cox v. Indian Head Industries., Inc., 123 F.Supp.2d 892, 912 (W.D.N.C. 2000) (noting that an employer can only be liable for the retaliatory actions of a co-worker if the employer condones or encourages the unlawful conduct). Even if Ms. Wiseman could be considered an employee of the BOP, there is no allegation that she held any supervisory or management position or that supervisory or management personnel orchestrated or acquiesced in any retaliatory conduct. Accordingly, Plaintiff has failed to state a claim upon which relief may be granted and dismissal is appropriate.

## V.     CONCLUSION

For the reasons discussed above, it is recommended that Defendant's Motion to Dismiss (Document # 23) be granted.

 s/Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

October 31, 2013  
Florence, South Carolina

**The parties are directed to the important information on the following page.**