UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Jeffrey Scott Atkins, ) | Civil Action No. 4:13-00523-JMC |
| ) | |
| Plaintiff, ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Eric H. Holder, Jr., Attorney General, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

Plaintiff Jeffrey Scott Atkins ("Plaintiff") filed this action pro se against Defendant Eric H. Holder, Jr., Attorney General ("Defendant"), alleging that he was subject to retaliation because of his race in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e–2000e–17.  (ECF No. 1.)

This matter is before the court on a motion by Defendant to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) ("Rule 12(b)(6) motion") because Plaintiff has failed to state a claim for which relief may be granted.  (ECF No. 23.)  In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(g) D.S.C., the matter was referred to United States Magistrate Judge Thomas E. Rogers, III for pretrial handling.  On October 31, 2013, the Magistrate Judge issued a Report and Recommendation in which he recommended that the court grant Defendant's Rule 12(b)(6) motion as to Plaintiff's complaint.  (ECF No. 31.)  Plaintiff filed objections to the Magistrate Judge's recommendation asserting that his complaint states a claim for relief.  (ECF No. 33.)  For the reasons set forth below, the court **GRANTS** Defendant's Rule 12(b)(6) motion.

**I.     RELEVANT BACKGROUND TO PENDING MOTION**

The facts as viewed in the light most favorable to Plaintiff are discussed in the Report and Recommendation.  (See ECF No. 31.)  The court concludes, upon its own careful review of the

record, that the Magistrate Judge's factual summation is accurate and incorporates it by reference. The court will only reference herein facts pertinent to the analysis of Plaintiff's claims.

Plaintiff alleges that during a witness deposition held at Federal Correctional Institution ("FCI"), Williamsburg on October 18, 2011, for a previous employment discrimination case[1] filed by Plaintiff, an attorney for the Bureau of Prisons ("BOP"), Angie Wiseman ("Wiseman"), refused to allow Plaintiff to leave the building in between depositions, although his attorney and the witness being deposed were able to leave the building without consequence. (ECF No. 1 at 5.) When Plaintiff attempted to leave, Wiseman physically blocked the door and grabbed Plaintiff's forearm. (Id.) Plaintiff alleges that he was the only African-American to attend the deposition and the only person who was not allowed to leave the room. (Id.) He also alleges that Wiseman was aware that he had filed three (3) previous EEO complaints against FCI Williamsburg. (Id.)

After the October 18, 2011 incident, Plaintiff alleges that he filed a police report against Wiseman resulting in a trial that was held in June of 2012. The presiding judge of the June 2012 trial allegedly "stated on the record that Ms. Wiseman was guilty of assaulting" Plaintiff although the judge believed that Wiseman did not physically hurt Plaintiff. (Id.) Plaintiff further alleges that Wiseman made false statements to an EEO counselor and investigator when she told them that "Warden John Owen informed her that no one was allowed to leave the visiting room or the building." (Id.)

Based on the foregoing, Plaintiff filed a pro-se, non-prisoner complaint on February 28, 2013, alleging that Wiseman retaliated against him in violation of Title VII. (ECF No. 1.) On September 3, 2013, Defendant filed a Rule 12(b)(6) motion. (ECF No. 23.) Plaintiff filed a

---

[1] Atkins v. Holder, 4:10-cv-01296-JMC (D.S.C. removed May 19, 2010).

response in opposition to Defendant's Rule 12(b)(6) motion on October 10, 2013.  (ECF No. 29.)

## II.     LEGAL STANDARD

A.     <u>The Magistrate Judge's Report and Recommendation</u>

The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight.  The responsibility to make a final determination remains with this court.  See <u>Mathews v. Weber</u>, 423 U.S. 261, 270-71 (1976).  The court reviews de novo only those portions of a magistrate judge's report and recommendation to which specific objections are filed, and reviews those portions which are not objected to - including those portions to which only "general and conclusory" objections have been made - for clear error.  <u>Diamond v. Colonial Life & Acc. Ins. Co.</u>, 416 F.3d 310, 315 (4th Cir. 2005); <u>Camby v. Davis</u>, 718 F.2d 198, 200 (4th Cir. 1983); <u>Orpiano v. Johnson</u>, 687 F.2d 44, 47 (4th Cir. 1982).  The court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions.  <u>See</u> 28 U.S.C. § 636(b)(1).

B.     <u>Motions to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)</u>

A Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted "challenges the legal sufficiency of a complaint."  <u>Francis v. Giacomelli</u>, 588 F.3d 186, 192 (4th Cir. 2009) (citations omitted); <u>see also</u> <u>Republican Party of N.C. v. Martin</u>, 980 F.2d 943, 952 (4th Cir. 1992) ("A motion to dismiss under Rule 12(b)(6) . . . does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."). To be legally sufficient a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

A Rule 12(b)(6) motion should not be granted unless it appears certain that the plaintiff can prove no set of facts that would support her claim and would entitle her to relief.  <u>Mylan

Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993).  When considering a Rule 12(b)(6) motion, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff.  Ostrzenski v. Seigel, 177 F.3d 245, 251 (4th Cir. 1999); Mylan Labs., Inc., 7 F.3d at 1134.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

C.     Liberal Construction of Pro Se Complaint

Plaintiff brought this action pro se, which requires the court to liberally construe his pleadings.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972); Loe v. Armistead, 582 F.2d 1291, 1295 (4th Cir. 1978); Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978).  Pro se pleadings are held to a less stringent standard than those drafted by attorneys.  Haines, 404 U.S. at 520.  Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  Weller v. Dep't of Soc. Servs., 901 F.2d 387, 390–91 (4th Cir. 1990).

D.     Retaliation Claims Under Title VII

Title VII also protects individuals from retaliation by providing that it is an "unlawful employment practice for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, . . . in any manner in an investigation . . . under this subchapter."

4

42 U.S.C. § 2000e-3(a).  To demonstrate a prima facie case of retaliation under Title VII, a plaintiff must show "(1) that she engaged in protected activity; (2) that her employer took an adverse employment action against her; and (3) that a causal connection existed between the protected activity and the asserted adverse action."  See Munday v. Waste Mgmt. of N. Am., Inc., 126 F.3d 239, 242 (4th Cir. 1997). As to the first element, "[o]pposition activity encompasses utilizing informal grievance procedures as well as staging informal protests and voicing one's opinions in order to bring attention to an employer's discriminatory activities." Laughlin v. Metro. Wash. Airports Auth., 149 F.3d 253, 259 (4th Cir. 1998). "As long as an employee complains to his or her employer or participates in an employer's informal grievance procedure in an orderly and nondisruptive manner, the employee's activities are entitled to protection under § 704's opposition clause."  Kubicko v. Ogden Logistics Serv., 181 F.3d 544, 551 (4th Cir. 1999).  A plaintiff meets the second element of this test if "a reasonable employee would have found the challenged action materially adverse," meaning that it "might have dissuaded a reasonable worker from making or supporting a charge of discrimination." Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 68 (2006).  The third element of the test may be satisfied merely by close temporal proximity between the protected activity and the adverse employment action.  See Clark Cnty. Sch. Dist. v. Breeden, 532 U.S. 268, 273 (2001).

### III.     ANALYSIS

A.     The Report and Recommendation

Upon his review, the Magistrate Judge found that Plaintiff's allegations were "insufficient to state a claim for retaliation that is plausible on its face." (ECF No. 31 at 4.)  In reaching this conclusion, the Magistrate Judge was not convinced that "a reasonable employee would be dissuaded from making or supporting a charge of discrimination because an attorney for the employer grabbed the employee's forearm and blocked him from leaving a room."  (Id.)

The Magistrate Judge further found that Plaintiff's allegations were insufficient to hold Defendant liable for Wiseman's conduct especially since Plaintiff did not allege that Wiseman "held any supervisory or management position [at the BOP] or that supervisory or management personnel orchestrated or acquiesced in any retaliatory conduct." (Id. at 4–5.)  Based on the foregoing, the Magistrate Judge recommended granting Defendant's Rule 12(b)(6) motion.

B.     Plaintiff's Objections

In reviewing Plaintiff's objections, the court notes that Plaintiff did not file specific objections to the Report and Recommendation.  He instead reiterates the factual allegations and arguments made in his response in opposition to Defendant's motion to dismiss even going as far as to call his objections "Plaintiff's Response to Defendant[']s Motion to Dismiss." (See ECF No. 33 at 1.)  In this regard, Plaintiff reasserts that his allegations establish that Wiseman retaliated against him in violation of Title VII and "the case should proceed to trial as the Plaintiff can provide evidence to show that the Plaintiff was unlawfully detained, assaulted, verbally threatened and intimidated by the only Bureau of Prison employee present at the hearing." (Id. at 2–3.)

C.     The Court's Review

Although the court is obligated to conduct a de novo review of every portion of the Magistrate Judge's report to which objections have been filed, the court need not conduct a de novo review when a party fails to identify specific errors in the Magistrate Judge's findings. Orpiano, 687 F.2d at 47.  Here, the court does not find that Plaintiff's generalized arguments about the merit of his action are sufficient to raise any questions about the Magistrate Judge's recommendation in this case.  Accordingly, the court does not find any error in the Magistrate Judge's determination that Plaintiff's complaint against Defendant should be dismissed.

## IV.    CONCLUSION

For the reasons set forth above, the court hereby **GRANTS** the motion by Defendant Eric H. Holder, Jr., Attorney General, to dismiss the complaint against him pursuant to Fed. R. Civ. P. 12(b)(6).  (ECF No. 23.)  The court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein by reference.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

August 29, 2014
Columbia, South Carolina